## Toner v. Silverman

*Gerald E. Bloom, III,* for plaintiffs.
*Carey S. Roseman,* for defendants.

BIEHN, *J.,* September 19, 1984—Plaintiffs brought suit to recover a security deposit paid to defendant Silverman, an attorney, pursuant to a lease agreement. Judgment was entered in favor of plaintiffs by the district justice and defendant appealed. The case went to arbitration and again an award was entered in favor of plaintiffs in the amount of $550 plus interest from May 1982 and costs. Defendant Silverman once more appealed. The case was certified for trial and heard nonjury on August 28, 1984. We find in favor of plaintiffs for $550 plus interest, costs and attorney's fees, as well as against defendant Silverman on his counterclaim which was not pursued at trial.

At trial, the following evidence was established. On December 5, 1980, plaintiffs signed a lease agreement for the rental of an apartment with defendant Silverman who signed the agreement as agent for the "owners of record." By a check dated December 10, 1980, plaintiffs paid $275 as a security deposit to City Wide Realty. The check was endorsed as follows: "City Wide Realty Co., pay to the order of Ronald H. Silverman, for deposit only."

Rent was thereafter paid by plaintiffs from February 1981 until May 1982.* By a letter dated April 30, 1982, plaintiffs notified Vogt Real Estate, successor in interest to City Wide Realty, that they would be

---

* There was an agreement between plaintiffs and City Wide Realty that plaintiffs would purchase a refrigerator for the premises in place of their first month's rent.

vacating the apartment as of May 31, 1982. Plaintiffs then requested the return of their security deposit but with no success.

In November, 1982, plaintiffs wrote to defendant Silverman again requesting the return of their money. Plaintiffs received a letter from Vogt Real Estate, dated March 9, 1983, which informed them that there was no damage to the apartment they had rented and that there were no outstanding rental payments due. However, the security deposit had never been transferred from City Wide Realty despite a verbal agreement between Vogt and City Wide, and when contacted by the Vogts, defendant Silverman stated he did not know what they were talking about.

A review of the record, including the pleadings, demonstrates that the conduct of defendant Silverman has been arbitrary and vexatious, serving only to cause annoyance and to delay the return of plaintiffs' security deposit. At trial, defendant Silverman presented no evidence nor did he pursue his counterclaim that plaintiffs breached their lease agreement by failing to pay rent on more than one occasion and by failing to pay oil bills. By the terms of the lease, plaintiffs were to pay for electricity only and to share the cost of lawn care and snow removal with another tenant.

"The court may require a party to pay another participant's counsel fees if the party's conduct during the pendency of the matter was "dilatory, obdurate, or vexatious," or if the party's conduct in commencing the action or otherwise was "arbitrary, vexatious or in bad faith." 42 Pa. C.S. §2503 . . . . If the record supports the court's finding of fact that conduct was in bad faith, the court's award of counsel's fees will not be disturbed absent an abuse of

discretion." (Citations omitted.) Brenckle v. Arblaster, 320 Pa. Super. 8794, 466 A.2d 1075, 1078 (1983).

Throughout his numerous pleadings and appeals, defendant Silverman has not raised or pursued one substantial argument. His actions have been calculated to deny plaintiffs the return of their security deposit to which the evidence clearly shows they are entitled. Defendant Silverman accepted and endorsed plaintiffs' check for the security deposit. Plaintiffs fully paid their rent and vacated the premises, leaving it undamaged, and are entitled to a return of their money.

Accordingly, the court enters the following decision.

## ORDER

And now, this September 19, 1984, the court finds in favor of plaintiffs Jamene M. Toner and William H. Toner and against defendant Ronald H. Silverman in the amount of $550 plus interest from May, 1982 and costs and attorney's fees in the amount of $500. The court also finds for plaintiffs and against defendant Ronald H. Silverman on the counterclaim.

This decision shall be forthwith filed in the office of the prothonotary of this county and the prothonotary shall forthwith notify the parties or the attorneys of the respective parties of the date of the filing of the decision.

The prothonotary shall on praecipe, enter final judgment on this decision if no motions for posttrial relief have been filed within ten days after notice of the filing of this decision has been given.